FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 29 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

FORM TO BE USED BY A PERSON FILING A MOTION TO VACATE,
SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

Garfield Redd - #349085   8/15/1970
P.O. Box 549
Maryland Correctional Institution - Jessup
Jessup, Maryland 20794

(Full name, date of birth, identification
number and address of movant

Criminal Case No.: WDQ-07-0470

Civil Action No.: _____
(Leave blank. To be filled in by Court.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

1. Name and location of the court which entered the judgment/conviction being challenged.

   United States District Court For The District Of Maryland

2. Date of judgment or sentencing.

   November 21, 2008

3. Length of sentence.

   240 months

4. Nature of offense (all counts).

   18 U.S.C. 922(g) felon in possession of firearm

5. What was your plea? (check one)

   (a) Not Guilty       [X]
   (b) Guilty           [ ]
   (c) Nolo Contendere  [ ]

   If you entered different pleas to different counts or charges, explain.

   _____

   _____

6. Kind of trial. (check one)

   (a) Jury         [X]
   (b) Judge Only   [ ]

7. Did you testify at the trial?

   Yes [ ]    No [X]

8. Did you appeal from the judgment of conviction?

   Yes [X]    No [ ]

   If you answered yes, provide the following information:

   A. What grounds did you raise?

   _____

   _____

   _____

   B. What was the result?

   _____Denied_____

C. What was the date of the decision by the Court of Appeals?

_March 30, 2010_

9. Did you file a petition for writ of certiorari to the United States Supreme Court?

Yes [X]   No [ ]

If you answered yes, what was the result?

_Denied_

If you answered yes, what was the date of the decision by the Supreme Court?

_November 29, 2010_

10. Other than a direct appeal, have you filed any petitions, applications, or motions challenging this judgment in any federal court?

Yes [ ]   No [X]

11. If you answered yes, provide the following information for **each** petition, application, or motion:

A. Name and location of the court where you filed.

_____

B. Describe what you filed and the date on which it was filed.

_____

C. What grounds did you raise?

_____
_____
_____

D. What was the result?

___

E. What was the date of the decision?

___

F. Did you appeal the decision?

Yes [ ]    No [ ]

G. What was the result?

___

H. If you did not appeal any adverse decision, explain why you did not appeal.

___
___

12. Do you CURRENTLY HAVE PENDING in any court any motion, petition, or appeal concerning the judgment being challenged in this petition?

Yes [ ]    No [X]

If you answered yes, describe what you filed, when, where, and its current status.

___
___
___

13. In most cases federal law requires that a motion to vacate or set aside judgment be filed within one (1) year of the date your conviction became final. 28 U.S.C. § 2255. If this motion is being filed more than one year after your conviction became final, explain why it is late and/or why you believe the one year limitations period does not apply.

FiIed WITHIN ONE YEAR

14. State BRIEFLY every ground on which you claim you are being held unlawfully. BRIEFLY summarize the facts supporting each ground. If necessary, you may attach additional pages.

    A.    Ground One: __See attached Paper__

           Supporting Facts: _____

    B.    Ground Two: __See Attached PAPER__

           Supporting Facts: _____

    C.    Ground Three: __See Attached PAPER__

           Supporting Facts: _____

D. Ground Four: __See Attached Paper__

Supporting Facts: _____

_____

_____

15. If any of the issues that you are raising in this motion have not been previously presented, explain which issues are being raised for the first time and why.

__INEFFECTIVE ASSISTANCE of COUNSEL - Appeal Counsel never met with Client ADA tittle II - Misleading of Evidence -__

16. Do you have any other sentence(s) to be served after you complete the sentence(s)/commitment that is being challenged in this petition?

Yes [ ]   No [X]

If you answered yes, provide the following information about each of your future sentences:

A. Name and location of the court that imposed the sentence.

_____

B. Length of the sentence. _____

C. Have you filed, or do you intend to file, a petition or motion attacking this sentence?

Yes [ ]   No [X]

WHEREFORE, Movant prays that the Court grant him all relief to which he may be entitled in this action.

GROUND ONE: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROVIDE DEFENDANT WITH THE NESSARRY ASSISTIVE LISTENING DEVICES.

CONSTITUTION ADMENDMENT VIOLATION's V, VI, and XIV

SUPPORTING FACTS: Defendant has long standing history of bilaterial severe hearing lost and needs the assistance of hearing aids. Trial counsel was well aware of defendant hearing disability but failed to secure and request proper and working listening devices in court, nor did counsel request the list of certified interpreter's from Clerks office for all judicial proceeding's available. TITTLE 28 sec. 1827 INTERPRETERS IN COURTS OF THE UNITED STATES: (j) the term "judicial proceedings" instituted by the United States as used in this section refers to all proceedings, whether criminal or civil, including pretrial and grand jury proceedings.
Trial counsel was ineffective in the sense that "there was reasonable probability that" but for counsel error defendant could'nt understand all court proceedings. Also, failed to make a timely or properly objection at trial sufficient to preserve the matter for appellate review.

GROUND TWO: THE DISTRICT COURT VIOLATED DEFENDER'S RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT AND DUE PROCESS BY FAILING TO PROVIDE PROPER LISTENING DEVICES

CONSTITUTION ADMENDMENT VIOLATION's V, VI, VII AND XIV

SUPPORTING FACTS: The Americans With Disabilities Act Tittle II, governs the need for equally effective communication. District Court did not

7.

provide defendant with proper auxiliary aids during all court proceedings nor did the court make any inquiry as to whether defendant was able to understand the proceeding's. Defendant were having problems throughout the trial with the listening devices given to him by the Court and the trial court knows of defendant problem.

    THE COURT: "Mr. Redd, can you hear me?"
    THE DEFENDANT: I can't hear.
    THE COURT: "Okay. Well, sadly, that's the best we're able to do."

In order to provide equal access, court is required to make available appropiate auxiliary aids and services where neccessary to ensure effective communications. The Americans with Disability Act states that "the needs for an interpreter or assistive listening devices, increases in relation to the importance of the transaction." Certainly, the waiver of constitutional rights to a fair trial, and the resulting enhancement of sentenced (ACCA), is amongst the most important transaction in which a defendant can participate.

    By setting up the use of a computer-assisted, real-time transcription system, way into defendants trial, meaning no interpreter was made available to defendant to consult with defendants attorney prior to trial. This ensures inadequate pre-trial preparation. It is particulary important that interpreters be allowed to meet with and assess a deaf/hard of hearing clients language prior to beginning an interpretation. Defendant should have been given "primary consideration" on the type of devices that works best.

    As a result, defendant was tried and sentenced without being able to adequately hear and understand the proceedings

GROUND THREE: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE GOVERNMENTS IRRELEVANT EVIDENCE MATERIAL AND BY MISLEADING JURY ON EVIDENCE MATERIAL.

CONSTITUTION ADMENDMENTS VIOLATION: V, VI, XIV

SUPPORTING FACTS: Rules of Evidence for United States Courts - means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence.

Trial counsel did not object to the day-time photo's the government presented to jury. When he clearly knows that the defendant was arrested at nite-time and the photos were not real or true representation of the crime scene resulting in unfair prejudice. OFFICER Suiter's testimony at trial: "Because of the darkness, I probably could'nt see."

Photographs are usually examples of demonstrative evidence. The very purpose of photographic evidence is to clarify and communicate facts to the tribunal more accurately. Night time photos should have been presented by defendant counsel so not to confuse or mislead the jury. The disputed photo's were likely to distort the jury's deliberation.

Counsel's performance was deficient and the deficient performance prejudice the defense which fell below an objective standard of reasonableness as measured by prevailing professional norm's.

9.

GROUND FOUR: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO QUESTION THE ARRESTING OFFICER GLANVILLE ABOUT HIS TESTIMONY DIFFERRING FROM HIS STATEMENT OF PROBABLE CAUSE REPORT, AND HIS INCIDENT REPORT.

CONSTITUTION AMMENDMENT VIOLATIONS  V, VI, XIV

SUPPORTING FACTS: On witness stand Officer Glanville reported that defendant "was running at him with a gun."

STATEMENT OF PROBABLE CAUSE Report indicates that "Officer Ivery, Suiter, and myself (Officer Glanville) approached defendant"

The Incident Report indicates "only Officer Ivery and Suiter approached defendant."

On witness stand Officer Suiter stated "that defendant was walking towards officer Glanville."

The inconsistence statements were not challenged by counsel or objected. If counsel would have challenged the officers statements against the written reports the outcome maybe different and the jury would have found defendant "not guilty."

Prejudice to a criminal defendant by reason of his counsel's conflict of interest which affected defendant counsels performance. The result of the trial would have been different if not for counsel errors.

GROUND FIVE: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO INTRODUCE EVIDENCE

CONSTITUTION AMENDMENT VIOLATIONS - V, VI, XIV

SUPPORTING FACTS: Counsel failed to use diagrams to explain the DNA/Finger print identifications many process to show how a latent print is easily lifted. On witness stand the latent examiner stated that he only lift prints one percent of the time in his 28 year career. A diagram could have proved and been helpful to the jury because what the jurors see is often as important as to what they hear.

Due process rights and sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial, since access to counsel's skill and knowledge is necessary to accord defendant the ample opportunity to meet the case of the prosecution to which defendant are entitled.

GROUND SIX: THE DISTRICT COURT ERRED WHEN RELIED ON UNATTRIBUTED ASSERTIONS IN THE PRE-SENTENCE REPORT QUALIFIED DEFENDANT FOR A SIGNIFICANT ENHANCEMENT UNDER THE ARM CAREER CRIMINAL ACT, OVER DEFENDANT OBJECTION'S.

CONSTITUTION AMENDMENT VIOLATIONS - V, VI, XIV

SUPPORTING FACTS: A sentenced based upon inaccurate or unreliable evidence suffers from a core constitutional infirmity. Under RULE 32(i)(3)(B) - a court must for any disputed portion of the presentence report or other controverted matter - rule on the dispute or

11.

determined that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter at sentencing.

Rule 32(i)(3)(B) thus barred the sentencing court from relying on the PSR alone, and instead required the government to come forward with reliable documentation.

The PSR identified a number of prior convictions that it attributed to defendant which may or may not have qualified as ACCA predicates; their very existence was never established. The PSR cited no sources, much less bearing "earmarks of derivation from Shepard-approved sources."

See Shepard v. United States, 544 U.S. 575 (1990)

See United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005)

See also United States v. Carter, 591 F.3d 656 (D.C. Cir. 2010) (Government's burden satisfied by production of certified copies of State court computer records, when defendant calls into dispute a PSR's description of a prior conviction)

Defendant timely objected to the use of these convictions as ACCA predicates based on nothing more than the undocumented statements in the PSR. Neither the probation officer nor the government proffered any evidence in response to defendant's objections to the PSR's reliability to established ACCA predicates.

PSR's are not infallible manuscripts; the government must at least demonstrate that the information contained therein upon which it intends to rely to enhance a sentence — here double the otherwise applicable statutory maximum is both reliable and accurate.

Additionally, the court should also note that the reliance on an inconclusive record such as charging document would result in impermissible fact-finding violating the Sixth Amendments.

GROUND SEVEN: THE DISTRICT COURT ERRED IN CONSIDERING TWO ADJUDICATIONS DEFENDANT RECIEVED WHILE UNDER THE AGE OF 18 AS PREDICATE OFFENSE UNDER THE ARM CAREER CRIMINAL ACT

CONSTITUTION AMENDMENT VIOLATIONS V, VI, and XIV

SUPPORTING FACTS: One charge was for possession with intend to distribute cocaine that defendant recieved when he was sixteen years old. The second charge was for "assault," that defendant recieved when he was seventeen.

As discussed above, this district court had no documentation of these proceedings before it at sentencing. The record is entirely absent of any evidence that defendant was adjudicated as an adult, that any juvenile waiver or reverse waiver proceedings occurred, or that he had counsel.

The District court erred in considering defendant conviction for possession of cocaine with intend to distribute as predicate offense under ACCA. The record is silent regarding the true nature of this conviction for ACCA purpose.

In Maryland, the crime of assault is not categorically a violent felony under the ACCA.

GROUND EIGHT: OUR CONSTITUTION AND COMMON LAW GUARANTEE THAT WE BE JUDGED BY AN IMPARTIAL JURY OF OUR PEERS.

CONSTITUTION AMENDMENT VIOLATIONS VI AND XIV AND VII

SUPPORTING FACTS: Being African-American, and from

13.

Baltimore City my jurors were not of my peers. The whole pool of jurors consisted of only 5 Blacks and the government used premptory strikes on 3 of them. All the other jurors were either politically or economically distinct and does not share the same social compact as defendant. Unless, defendant has jurors from Baltimore City or from the same social compact it'll always be uneven in the district court which results in cruel and unusual punishment inflicted.

GROUND NINE: PROSECUTOR MAY NOT ENGAGE IN SELECTIVE PROSECUTION, WHICH DENIES EQUAL PROTECTION AND VIOLATES DUE PROCESS RIGHTS.

SUPPORTING FACTS: Case has been in state court for close to two years before Federal Government charge an indictment. Prosecutor was politically motivated in firearm cases only from persons from the Baltimore City area. With mostly black populated prosecution is deliberately using race + residence upon these unjustifiable standards. Firearm possession in other parts of Maryland with the same priors as defendant get differential treatment from the Federal Government Criminal Justice system. IF defendant have been arrested in Cecil County, Maryland outcome would have been better.

## CONCLUSION

In summary, as a result of trial counsel's deficiencies an the District Court's plain error, defendant was denied his fifth, sixth, eighth, and fourteenth Amendment rights to actively participate in all court proceeding's.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION ABOVE IS TRUE AND CORRECT.

SIGNED THIS 22 day of November, 2011.

Garfield Redd #349085
(original signature of movant)
P.O. Box 549
Maryland Correctional Institution-Jessup
Jessup, Maryland 20794
(address of movant)

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of November, 2011, a copy of this 2255, was mailed, postage prepaid, to Clerks Office, U.S. District Court of Md. Norther Div.

x Garfield Redd