# IN THE
# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

---

GARFIELD REDD

Petitioner,

v.

UNITED STATES OF AMERICA

Respondent.

Criminal No: WDQ-07-470

Civil No: RDB-11-3445

---

REPLY TO GOVERNMENT'S RESPONSE TO PETITION UNDER 28 U.S.C. 2255

FILED LOGGED ENTERED RECEIVED MAY 10 2012 CLERK, U.S. DISTRICT COURT AT BALTIMORE DISTRICT OF MARYLAND BY DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

## REPLY TO GOVERNMENT'S RESPONSE TO PETITION UNDER 28 U.S.C. 2255

Garfield Redd, Petitioner,

V.

United States of America, Respondent.

CRIMINAL NO: WDQ-07-470

CIVIL NO: RDB-11-3445

## ARGUMENT

In Government's attempt to dissuade this court from granting Motion to Vacate, set aside, or correct sentence, the respondent either misunderstood or willfully misconstrues the issues this case present.

<u>Petitioner's Issues</u>:
#<u>1.)</u> Trial counsel rendered ineffective by failing to provide defendant with the nessary assistive listening devices.
#<u>2.)</u> The district court violated defender's rights under The Americans with disabilities Act and due process by failing to provide proper listening devices.

In Government's response about the devices that the court gave to defend which had "feedback" problems. As the record reflect, (T-8 Line 13, 14, & 15) defense cousel explained to the court that the device doesn't work properly and effectively. Trial cousel was well aware of defendant hearing disability since the first meeting with defendant but failed to secure and request proper and working devices for all of defendants judicial proceeding. The court when discussing the problems the devices was having and said " Okay, Sadly that's the best we're able to do." T-8. Defendant responded "a lot better"

1.

because he was informing the court that the devices need to be "alot better." Government is misquoting this statement. After all, trial counsel and Court should have been put on notice because The Americans with Disabilities Act Title II, governs the need for equally effective communication. Defendant stated that the devices where "going in and out" (T-8 line 16).

In petitioner's exhibit #1A and #1B Americans with Disabilities Act Title II (included) states: the needs for an interpreter or listening devices, increases in relation to the importance of the communication that is taking place.

Certainly, the waiver of constitutional rights to a fair trial, and the resulting enhancement of sentenced (ACCA), is amongst the most important communication in which a defendant can participate.

Also, in respondant reply he mentioned trial counsel's statement: "And, for the record, as to the hearing impairment, Mr. Redd does not sign, so that's why we did not ask for a signing interpreter ....... I will type a lot of things to him off of my computer screen. It's faster and more efficient for me to talk to him that way." This task was impossible for trial counsel because he could'nt type & listen to trial proceedings, trial counsel isn't real-time certify reporter nor is trial counsel qualified to do so.
TITTLE 28 SEC. 1827 INTERPRETERS IN COURTS OF THE U.S. :
(2) ....., in order to ensure that the highest standard of accuracy are maintained in all judicial proceedings (included As Exhibit 2)

The trial records does'nt indicate how afar long the trial has gone when the use of a computer-assisted, real-time transcription system. The Government acknowledged that later in the proceedings, the defendant was reading the screen, meaning no interpreter or effective communication was made available to defendant until later into proceedings. Again, this ensures inadequate pre-trial preparation. As A result, petitioner was tried and sentenced

Without being able to hear and understand the proceedings.

Therefore, trial counsel representation fell below an objective standard of reasonableness, as set forth in STICKLAND. Petitioner should be entitled to relief and this motion should be granted.

## PETITIONER'S ISSUES:

#3.) Trial counsel was ineffective by failing to object to irrelevant evidence and misleading jury on evidence material.

In Governments response to downplay this important issue, they looked to T-60, and T-220. In which, trial counsel's Exhibit Number 2 & Number 5, are photo portray's of 500 Gold Street during the daylight hours. Defendant arrested at 10:00 P.M., when trying to recognize objects at night is quite different then the daylight hours. Trial counsel photo's are not a true representation of the crime scene resulting in unfair prejudice. The purpose of photo's evidence is to clarify and communicate the facts to the tribunal more accurately. Trial counsel mislead/Confused the jury by presenting daylight photos which likely distorted the jury deliberation. If not for counsel's unprofessional error, the results of the proceeding would have been different.

Counsel's performance was deficient and the deficient performance prejudice the defense which fell below an objective standard of reasonableness as measured by prevailing professional norms. Issue #3.) should be granted.

PETITIONER'S ISSUES:

#4.) Trial counsel was ineffective for failure to question arresting officer concerning inconsistencies in two(2) different reports.

Despite the Governments response it over-looked or did'nt mentioned the Statement of Probable Cause Report stated:
"Officer Ivery, Suiter, and myself (Off. Glanville) approached defendant"

But in Officer Glanville testimony in front of the jury he stated:
Officer Suiter and Officer Ivery had walked past those steps (where defendant were sitting) before going to the crowd.

Again, the incident reported "that defendant was walking towards officer Glanville."

These inconsistence statements were not challenged by trial counsel or objected. If counsel would have challenged the officers statement against the written reports the outcome would be different and the jury would have voted "not guilty." Therefore, issue number 4 should be granted.

PETITIONER'S ISSUES:

#5.) Trial Counsel ineffective for not failing to introduce important evidence.

Counsel failed to use diagram to fully explain the many process of lifting latent print. The diagram could have proved and been helpful in my trial and the outcome could have been different, because what the jurors see is often as important as to what they hear. Due process and sixth Amendments rights to counsel exists, and is

4.

needed, in order to protect the fundamental rights to a fair trial, since access to counsel's skill and knowledge is necessary to accord defendant the ample opportunity to meet the case of the prosecution to which defendant are entitled.

PETITIONER'S ISSUES:

**# 6.)** The District Court erred when relied on unattributed assertions in the pre-sentence report which qualified defendant for a significant enhancement under the Arm Career Criminal Act, over defendant objections.

**# 7.)** The District Court erred in considering Two(2) adjudications defendant recieved while under the age of 18 as predicate offense under the Arm Career Criminal Act.

The respondent claims that these two(2) issues #6 and #7 can not be raised in 2255. Petitioner turns to Exhibits #3 and #4 included in this reply:

See: United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994)

United States v. Boykin __ F.3d __, 2012 WL 267893 4th Cir. Feb. 28, 2012

Boykin, which was recently decided provides additional strength to the merits of my argument that I'm actually innocent of being a career offender. In my case, the government offered no evidence and this court relied only on the Pre-sentence Report for sentencing enhancement. Fradys rule apply here because Defendant is actually innocent of being a career offender.

The District Court erred in considering defendant conviction for possession of cocaine with intend to distribute as predicate

5.

offense under ACCA. The Pre-sentence report identified a number of prior convictions that it attributed to defendant which may or may not have qualified as ACCA predicated, their very existence was never established. The "PSR" cited no sources much less bearing the "earmarks of derivation from Shepard-approved sources."

Defendant timely objected to the use of these convictions as ACCA predicates based on nothing more than the undocumented statements in the PSR.

Additionally, the court should look at petitioner's Exhibits #2A & #2B, included with this reply. Exhibit #2A + 2B clearly shows that defendant was charged with Possession of Cocaine, so the PSR was wrong and the Court erred in relying on the PSR. This is why the Forth (4th) Circuit said that PSR is not a sufficiently reliable source of information.

The reliance on an inconclusive record would result in impermissible fact-finding. For this reason, issue number #6 & #7 should be granted.

## Conclusion

For the reasons given above, as well as those discussed in the Exhibits, the Petitioner respectfully requests that the Court grant the reliefs sought. Which is to correct procedural and constitutional error in this case.

Respectfully Submitted,
Petitioner,
Garfield Redd

6.

I DECLARE UNDER THE PENALTIES OF PERJURY THE INFORMATION ABOVE IS TRUE AND CORRECT.

SIGNED THIS 9th day of May, 2012.

Garfield Redd #349085
P.O. Box 549
M.D. Corr. Inst. - Jessup
Jessup, MD 20794

## Certificate of Service

I hereby certify that on this 9th day of May, 2012, a copy of this 2255, was mailed postage prepaid, to The Clerks Office, U.S. District Court of Maryland - Northern Div., 101 W. Lombard St. Baltimore, Md. 21201