# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND

SOUTHERN DIVISION
6411 IVY LANE, STE. 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA                                                                                          PARESH S. PATEL
FEDERAL PUBLIC DEFENDER                                                                      APPELLATE ATTORNEY

April 29, 2016

Patricia Connor, Clerk of Court
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, 5th Floor
United States Courthouse Annex
Richmond, Virginia 23219

      Re: In re Garfield Redd, Appellate No. _____

Dear Ms. Connor:

      Please let this letter serve as a motion to supplement the movant's application for leave to file a successive motion under 28 U.S.C. § 2255 with the following supplemental authority. Specifically petitioner writes this letter to call this Court's attention to *Welch v. United States*, __U.S.__, 2016 WL 1551144 (April 18, 2016), in which the Supreme Court held that *Johnson* is retroactive on collateral review.

      In *Welch*, the Supreme Court clarified that "[a] rule is substantive rather than procedural if it alters the range of conduct or class of persons that the law punishes." 2016 WL 1551144, at *7(quoting *Schriro*, 542 U.S. at 353). "Procedural rules, by contrast, 'regulate only the *manner of determining* a defendant's culpability.'" *Welch,* 2016 WL 1551144, at *7 (citation omitted).

      Under this framework, the Court in *Welch* held that the rule announced in *Johnson* is substantive. *Id.* The Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* (citation omitted). The Court elaborated that "[t]he residual clause is invalid under *Johnson,* so it can no longer mandate or authorize any sentence." *Id.* "*Johnson* establishes, in other words, that even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause." *Id.* (citation omitted).

      "By the same logic, *Johnson* is not a procedural decision because it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Welch*, 2016 WL 1551144, at *8. *Johnson*, for

example, did not "allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision[.]" *Id.* (citation omitted). Rather, unlike those "judicial procedures by which the statute is applied," *Johnson* "affected the reach of the underlying statute." *Id.* "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

The movant includes this discussion of *Welch* in this supplement rather than in the body of his application for leave to file a successive § 2255 petition because his application along with the applications of 86 other movants were prepared by undersigned counsel in anticipation of *Welch*, but before the Supreme Court issued its decision. Undersigned counsel still has to prepare pleadings for hundreds of other clients eligible for retroactive *Johnson* relief within the next month. Due to this time constraint and to assure that undersigned counsel gets to these cases, he files this supplement rather than revamping 86 pleadings.

Sincerely,

_____/s/_____
Paresh S. Patel
Appellate Attorney