

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*David I. Salem*   *Mailing Address:*   *Office Location:*   *DIRECT: 301-344-4237*
*Assistant United States Attorney*   *6500 Cherrywood Lane, Suite 200*   *6406 Ivy Lane, 8th Floor*   *MAIN: 301-344-4433*
*David.Salem@usdoj.gov*   *Greenbelt, MD 20770-1249*   *Greenbelt, MD 20770-1249*   *FAX: 301-344-4516*

April 30, 2018

The Honorable Richard D. Bennett
United States District Court
101 W. Lombard Street
Baltimore, Maryland 21201

     Re:    *United States v. Garfield Redd*
             Civil No.:    RDB-16-1529
             Criminal No.:  RDB-07-470

Dear Judge Bennett:

     We are writing to provide supplemental authority to the Court, to assist in your consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF 93). We wish to bring to bring a recent case to the Court's attention that supports the Government's position that Maryland first degree assault remains a violent felony despite the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

     Just last week, Judge Hollander held that "recent jurisprudence in both the Supreme Court and the Fourth Circuit compels the conclusion that the Maryland offense of assault with intent to murder – **now assault in the first degree** – is a violent felony for the purposes of ACCA's Force Clause." *Battle v. United States*, No. CR ELH-11-0110, 2018 WL 1992412, at *8 (D. Md. Apr. 26, 2018) (emphasis added).

     In reaching that conclusion, Judge Hollander agreed with the Government and found that *United States v. Castleman*, 134 S. Ct. 1405 (2014) is instructive. *Battle*, 2018 WL 1992412, at *8-9 (citing *Castleman:* "It is impossible to cause bodily injury without applying force in the common-law sense." *Id*. at 1415). Moreover, Judge Hollander agreed with the Government and found that "the *Castleman* Court undermined the poison hypothetical in *Torres-Miguel* with regard to use of force." *Id*. at *9. Thus, just another court to find that the *Torres-Miguel* decision that Petitioner so heavily relies upon is no longer good law.

     Finally, Judge Hollander concluded that "in arguing that Assault with Intent to Murder is not a violent felony, [Petitioner] relies on the kind of 'excessive legal imagination' about which the Supreme Court has cautioned." *Id.* at *11 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 192 (2007). The same logic applies here: arguing that Maryland first degree assault is not a violent felony impermissibly relies on "excessive legal imagination."

The Government respectfully requests that this Honorable Court find that Maryland first degree assault remains a violent felony under the Armed Career Criminal Act.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Kristine L. Dietz
Special Assistant United States Attorney

_____/s/_____
David I. Salem
Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 30, 2018, a copy of the foregoing Correspondence was delivered via ECF to Paresh Patel, Esquire, counsel for Petitioner.

By:     _____/s/_____
           Kristine L. Dietz
           Special Assistant United States Attorney

           _____/s/_____
           David I. Salem
           Assistant United States Attorney