IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARFIELD REDD, | * | |
| Petitioner, | * | |
| v. | * | Civ. Action No. RDB-16-1529<br>Crim. Action No. RDB-07-0470 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On September 4, 2008, Petitioner Garfield Redd ("Petitioner" or "Redd") was found guilty by a jury of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g). The Honorable William D. Quarles[1] sentenced Redd to a total term of 240-months of imprisonment based on his finding that Redd was an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), based on his prior Maryland drug conviction and two Maryland first-degree assault convictions.

Now pending is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 93) and Supplement to 28 U.S.C. § 2255 Petition (ECF No. 110), in which he argues that his first-degree assault convictions no longer qualify as violent felonies under the ACCA.[2] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). On direct appeal, the Fourth Circuit unequivocally held that Petitioner's Maryland

---

[1] Upon Judge Quarles' retirement, this case was reassigned to the undersigned on May 20, 2016.
[2] The Government's Motion for Leave to File Surreply (ECF No. 99) is GRANTED, as this Court has allowed Petitioner to supplement his filings several times.

convictions for first-degree assault constitute violent felonies under the ACCA. *United States v. Redd*, 372 F. App'x 413, 415 (4th Cir. 2010). Accordingly, Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 93) and Supplement to 28 U.S.C. § 2255 Petition (ECF No. 110) are DENIED.

## BACKGROUND

On September 4, 2008, Petitioner Garfield Redd ("Petitioner" or "Redd") was found guilty by a jury of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g). The Honorable William D. Quarles sentenced Redd to a total term of 240-months of imprisonment. (Judgment, ECF No. 51.) To reach this sentence, Judge Quarles adopted the findings of the Presentence Report ("PSR"), which found that Redd had prior Maryland convictions for robbery, escape, possession with intent to distribute cocaine, two first-degree assault convictions, and two second-degree assault convictions. Judge Quarles concluded that Redd qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), based on his prior drug conviction and two first-degree assault convictions. *See United States v. Redd,* 372 F. App'x 413, 414-15 (4th Cir. 2010).

The United States Court of Appeals for the Fourth Circuit affirmed Redd's sentence on appeal. *See Redd*, 372 F. App'x at 416. The Fourth Circuit specifically found that "Redd's two Maryland convictions for first-degree assault qualified as predicate offenses under the ACCA" because they "encompass the use or attempted use of physical force." *Redd*, 372 F. App'x at 415. Following his unsuccessful direct appeal, Redd filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 69) which this Court

denied. (ECF Nos. 79, 80.)  Redd appealed this decision (ECF No. 81) and the Fourth Circuit dismissed the appeal.  (ECF No. 86.)

On May 2, 2016, Redd filed an application with the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3), requesting authorization to file a successive motion under 28 U.S.C. § 2255(h)(2) on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The Fourth Circuit permitted Redd to file the motion.  (ECF No. 92.)  As the law rapidly developed following *Johnson*, the parties frequently submitted correspondence setting forth their evolving legal positions.  (*See* ECF Nos. 99, 101, 102, 104, 105, 106, 107, 108, 109.)  Over the course of these filings, the Government consistently maintained that Redd's arguments were foreclosed by the Fourth Circuit's decision on direct appeal.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255(a). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

This Court must decide whether Petitioner's two prior Maryland convictions for first-degree assault are violent felonies under the under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA mandates a minimum fifteen-year prison sentence for any person who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). The term "serious drug offense" includes both federal drug crimes and "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"), "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offense clause"), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the ACCA's residual clause was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Id.* at 2557. After *Johnson*, an offense can only qualify as a "violent felony" under the ACCA if it falls within the ambit of the force clause or is one of the ACCA's enumerated offenses. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), decided in April of 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review because it announced a substantive, rather than procedural rule.

There is no question that Redd has at least one prior qualifying offense: possession with intent to distribute cocaine.  (ECF No. 114 n.1.)  The parties' only dispute is whether Redd's two prior Maryland convictions for first-degree assault constitute violent felonies under the ACCA.  If these offenses qualify, then Petitioner is not entitled to resentencing.

The dispute is easily resolved.  On direct appeal, the United States Court of Appeals for the Fourth Circuit held that "Redd's two Maryland convictions for first-degree assault qualified as predicate offenses under the ACCA" because they "encompass the use or attempted use of physical force."  *Redd*, 372 F. App'x at 415.  Though not stated explicitly, the Fourth Circuit's reference to "the use or attempted use of physical force" indicates that its decision was premised on a reading of the ACCA's force clause, which remains valid even after *Johnson*.

The Fourth Circuit has subsequently re-affirmed its holding in *Redd*.  In *United States v. Battle*, 927 F.3d 160 (4th Cir. 2019), the Fourth Circuit affirmed an opinion of Judge Hollander of this Court which held that the Maryland offense of assault with intent to murder—"now assault in the first degree"—is a violent felony under the ACCA.  *Battle v. United States*, ELH-11-0110, 2018 WL 1992412, at *8 (D. Md. Apr. 26, 2018), *aff'd*, 927 F.3d 160 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 671 (2019).  The Fourth Circuit explicitly held that its decision was "consistent with *United States v. Redd,* 372 F. App'x 413 (4th Cir. 2010), where this court determined that Maryland first-degree assault in violation of Maryland Criminal Code § 3-202, a recodification of the previous [assault with intent to murder], is a violent felony." *Battle*, 927 F.3d at 168.

The United States Court of Appeals for the D.C. Circuit and the Fifth Circuit have also recognized and relied upon *Redd*'s holding. In *United States v. Haight*, 892 F.3d 1271 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 796 (2019), the D.C. Circuit affirmed the District Court's "common sense conclusion" that Maryland first-degree assault is a violent felony under the ACCA. 892 F.3d at 1281-82 (citing *Redd*, 372 F. App'x at 415). In *United States v. Zavala Romero*, 742 F. App'x 21 (5th Cir. 2018), the Fifth Circuit affirmed the imposition of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on the Defendant's Maryland conviction for first-degree assault. In reaching its holding, the Fifth Circuit noted that first-degree assault constituted a violent felony under the "similarly worded" force clause of the ACCA. *Zavala Romero*, 742 F. App'x at 22 (citing *Haight*, 892 F.3d at 1281-82; *Redd*, 372 F. App'x at 415).

Remarkably, Petitioner argues that *Redd* has "no bearing" on this case because the Fourth Circuit did not "squarely decide" the issue presented or consider several nuanced arguments he now advances. (ECF No. 98 at 1-2; ECF No. 115 at 12.) This is incorrect. On appeal, the Fourth Circuit unequivocally found that Redd's first-degree assault convictions qualified as violent felonies under the ACCA. *Redd*, 372 F. App'x at 415 ("The district court also properly found that Redd's two Maryland convictions for first-degree assault qualified as predicate offenses under the ACCA.") This issue was disputed, and its resolution was necessary to the disposition. On appeal, Redd explicitly argued that "the crime of assault is not categorically a violent felony under the ACCA." (Brief of Petitioner, *United States v. Redd*, 08-5168, ECF No. 15 at 24.) The Government refuted this position. (Brief of Appellee, *United States v. Redd*, 08-5168, ECF No. 25 at 14-15.) The Fourth Circuit ruled in favor of the

6

Government. As previously discussed, *Redd*'s holding remains good law after *Johnson*, has been re-affirmed by the Fourth Circuit, and has recently been relied upon by two other Courts of Appeals. This Court is in no position to undermine these authorities. *Benton v. Copinger*, 291 F. Supp. 141 (D. Md. 1968) ("This Court must, of course, apply the law as enunciated by the United States Court of Appeals for the Fourth Circuit.").

## CONCLUSION

The Government's Motion to File a Surreply (ECF No. 99) is GRANTED. Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 93) and Supplement to 28 U.S.C. § 2255 Petition (ECF No. 110) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims for relief debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: April 29, 2020

                                                                         /s/_____

                                                                Richard D. Bennett  
                                                                United States District Judge