IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-07-0470 |
| GARFIELD REDD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On September 4, 2008, Defendant Garfield Redd ("Defendant" or "Redd") was convicted by a jury of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g). (Jury Verdict, ECF No. 46.) At the sentencing hearing of November 21, 2008, Judge Quarles of this Court found that Redd was an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), and consequently imposed an enhanced sentence of 240 months (20 years) of imprisonment. (Judgment & Commitment Order ("J&C"), ECF No. 51.) Redd is presently incarcerated at the Federal Correctional Institution in Schuylkill County, Pennsylvania ("FCI Schuylkill"), where there are presently no cases of COVID-19.[1] His expected release date is September 23, 2025.

On May 20, 2020, Redd filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he cites concerns about the potential spread of COVID-19 in FCI Schuylkill and seeks his immediate release from prison or, alternatively, transfer to

---

[1] Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Aug. 13, 2020).

home confinement.[2] (ECF No. 121.) The Government opposes the motion. (ECF No. 127.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Redd's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 121) is DENIED.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

---

[2] Redd has appealed this Court's denial of a Motion to Vacate. That appeal is unrelated to the present motion and does not deprive this Court of jurisdiction over this matter.

## I. Administrative Exhaustion Requirements.

There is no dispute that Redd has satisfied the administrative exhaustion requirements. On April 19, 2020, Redd filed a petition with the Warden of FCI Schuylkill in which he requested a reduction in sentence and compassionate release. (ECF No. 123-2 *SEALED*). As more than thirty days have elapsed since Redd's submission, his Motion for Compassionate Release is properly before this Court.

## II. Extraordinary and Compelling Reasons.

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). For example, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons for release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify extraordinary and compelling reasons "other than, or in combination with" those identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although they provide useful guidance, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge

Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

In this case, Redd presents evidence that he suffers from Type 2 diabetes and hypertension. At 49 years of age and diagnosed with common medical maladies, he would not be entitled to release under the criteria set forth by the Sentencing Commission. While diabetes and hypertension may render him especially vulnerable to the worst symptoms of COVID-19, such risks remain purely speculative at this stage because FCI Schuylkill does not have a single case of the novel coronavirus. A speculative risk of injury cannot amount to "extraordinary and compelling reasons" to reduce or modify a defendant's sentence. Accordingly, Redd is not entitled to compassionate release.

### III. Dangerousness to the Community under 18 U.S.C. § 3142(g).

The Sentencing Commission Policy Statement governing 18 U.S.C. § 3582(c)(1)(A) states that the District Court may only grant compassionate release after determining that the defendant is not a danger to any person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of

4

the offense, (2) the weight of the evidence against him, (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g).

Weighing these factors clearly reveals that Redd is a danger to the community. The present offense of conviction, possession of a firearm by a prohibited person, is in itself a serious crime and is indicative of Redd's recidivism. A jury found the evidence of this crime sufficient to render a guilty verdict. At sentencing, Judge Quarles found Redd to be an armed career criminal in light of his numerous past offenses, including two prior first degree assault convictions, among many others. *See Redd v. United States,* RDB-07-0470, 2020 WL 2061509 (D. Md. Apr. 29, 2020) (discussing Redd's prior convictions and denying challenge to his armed career criminal designation). There is a grave risk that, if released, Redd will continue this pattern of behavior. Accordingly, this Court finds that Redd poses a danger to the community and compassionate release is not available to him.

### IV.  Application of 18 U.S.C. § 3553(a).

Even if Redd had presented the requisite "extraordinary and compelling reasons" for a sentence reduction or did not present a danger to the community, he would still not be entitled to compassionate release. Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court must consider (1) Redd's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative

services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

These factors overlap considerably with the § 3142(g) considerations discussed above. It is clear from the instant offense and the Defendant's lengthy criminal record that reduction in sentence is not appropriate.[3]

## CONCLUSION

Accordingly, it is HEREBY ORDERED this 13th day of August, 2020, that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 121) is DENIED.

\_\_\_\_/s/_____

Richard D. Bennett
United States District Judge

---

[3] Redd seeks transfer to home confinement as an alternative to compassionate release. This Court lacks authority to provide that form of relief. *See United States v. Carden*, JKB-15-0016, 2020 WL 1873951, at *2 (D. Md. Apr. 15, 2020) ("[I]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c).").